UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY TYRONE FOSTER,<br><br>   Plaintiff,<br><br> v.<br><br>CHRISTOPHER BAKER, et al.,<br><br>   Defendants. | Case No. 1:23-cv-01097-JLT-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AS BARRED BY COLLATERAL ESTOPPEL<br><br>(ECF NO. 1) |

      Plaintiff Ricky Tyrone Foster is a state prisoner proceeding *pro se* in this civil rights case filed pursuant to 42 U.S.C. § 1983.

      Plaintiff filed a complaint in Kings County Superior Court on April 28, 2023 claiming that Defendants Baker and Navarro failed to protect Plaintiff against a retaliatory inmate assault and that an earlier federal court decision that dismissed such claims for failure to exhaust administrative remedies was incorrect. (ECF No. 1 at 5). After being served with the complaint, Defendants Christopher Baker and J. Navarro removed the case to federal court. (*Id.* at 1). Defendants requested that this Court screen the complaint. (*Id.* at 2).

      Upon review of the complaint, it appears that Plaintiff improperly seeks to relitigate a final order from an earlier case. Plaintiff previously filed a lawsuit in this District asserting the same underlying failure to protect claims as this one. The previous court ultimately granted summary judgment in favor of defendants, finding that Plaintiff failed to exhaust administrative

1

remedies before filing the lawsuit. In this action, Plaintiff directly challenges that earlier order. However, the doctrine of collateral estoppel bars parties from relitigating issues already decided by a court in a separate case, instead of challenging such orders by filing a motion for reconsideration in the earlier case or appealing that order.

Accordingly, the Court will order Plaintiff to show cause why this case should not be dismissed as barred by collateral estoppel. Plaintiff must file a response within thirty days. If Plaintiff fails to file a response, this Court will recommend to an assigned district judge that this case be dismissed.

## I. PLAINTIFF'S COMPLAINT IS BARRED BY COLLATERAL ESTOPPEL

Under federal law, collateral estoppel "bars relitigation of issues adjudicated in an earlier proceeding if three requirements are met: '(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.'" *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (quoting *Kourtis v. Cameron*, 419 F.3d 989, 994 (9th Cir. 2005)). Further, collateral estoppel can apply to a dismissal without prejudice if the determination being according preclusive effect was essential to the judgment of dismissal. *Gallegos v. Reinstein*, No. 12–16736, 560 F. App'x 669 (9th Cir. Mar. 4, 2014) ("Dismissal of Gallegos's claims related to a prior § 1983 action that the Arizona district court dismissed without prejudice was proper under the doctrine of collateral estoppel because the issues raised in these claims had been previously litigated, and were necessary to the prior judgment of dismissal.") (citing *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004) and *Deutsch v. Flannery*, 823 F.2d 1361, 1364 (9th Cir. 1987)) ("The litigation of an issue presented and necessarily decided in a prior action between the same parties is foreclosed by the doctrine of issue preclusion.  It matters not that the prior action resulted in a dismissal without prejudice, so long as the determination being accorded preclusive effect was essential to the dismissal.") (internal citations omitted). "[T]he principle is simply that later courts should honor the first actual decision of a matter that has been actually litigated." 18 C. Wright,

A. Miller, & E. Cooper, Federal Practice and Procedure § 4416 (3d ed. 1998). Collateral estoppel serves to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

Plaintiff's complaint seeks to relitigate an order from a previous federal case, *Foster v. Baker*, No. 1:18-cv-01511-DAD-SAB (E.D. Cal. Feb. 16, 2022), which granted summary judgment against Plaintiff on the ground that he failed to exhaust administrative remedies regarding for his claim that correctional officers failed to protect him from an inmate assault. Plaintiff's complaint specifically describes and challenges this order on the basis that it contradicted a different state court order:

> On September 25, 2019, the Court of Appeal for the Fifth Appellate Dist, reversed the Kings County Superior Court ruling on defendant's demurrer, (Foster v. Baker, et al., Kings County Super. Ct. #18C-0240)) and on July 9, 2020, counsel for the defendant's and plaintiff entered into a written stipulation agreement that Plaintiff [had] EXHAUSTED the administrative remedies with respect to Log # COR-17-04927 and Log # CAL-17-01322. . . .
>
> The defendant's counsel moved the state civil case to the Easter Dist Federal Court's and filed for SUMMARY JUDGMENT while claiming that, plaintiff failed to EXHAUST his administrative remedies with respect to Log # COR-17-04927; and Log #CAL-17-01322 and deliberately negated to dis the July 9, 2020 "STIPULATION AGREEMENT" as well as the Court of Appeals September 15, 2019, REVERSAL which resulted in the District Court granting counsel motion for summary judgment.

(ECF No. 1 at 7). Plaintiff's complaint also attaches a narrative alleging that prison officials C. Baker, J. Navarro, and John Does 1 and 2 failed to protect Plaintiff from an assault by inmate Abella out of retaliation against Plaintiff. (*Id.* 9–16). Plaintiff then alleges that Defense counsel in the 2018 *Foster* case withheld their stipulation when bringing a motion for summary judgment without alerting the court to the state-court stipulation. Plaintiff alleges this omission violated the Model Rules of Professional conduct. (*Id.* at 17).

Plaintiff attaches the motion for summary judgment in the 2018 *Foster* case, the Magistrate Judge's findings and recommendations to grant Defendants' motion for summary

3

judgment on the basis of failure to exhaust administrative remedies, and the District Judge's order adopting the Findings and Recommendations and dismissing the case without prejudice due to plaintiff's failure to exhaust all his available administrative remedies. (*Id.* 18–40).

Thus, it appears that Plaintiff's complaint improperly seeks to relitigate a decision in a separate case by filing this complaint, rather than by seeking reconsideration or appeal of that prior order. Such an attempt to relitigate the issue in a separate case is barred by the doctrine of collateral estoppel. The issue decided at the previous proceeding—i.e., whether Plaintiff exhausted administrative remedies prior to filing the 2018 *Foster* case—is identical to what Plaintiff seeks to litigate now. Indeed, Plaintiff is specifically identifying and challenging the court's previous order. Moreover, the District Judge's order explicitly addressed Plaintiff's argument regarding the state court decision on exhaustion and why it did not change the outcome of the motion. (*Id.* at 39) ("[N]either that state court order nor plaintiff's objections rebut the Ninth Circuit authority which appears to control the resolution of the issue presented here."). Thus, the determination by the 2018 *Foster* court that Plaintiff failed to exhaust administrative remedies notwithstanding the state court litigation was essential to the judgment of dismissal in previous case, and should be accorded a preclusive effect in this one. *Gallegos*, 560 F. App'x at 669. Finally, the party against whom collateral estoppel is asserted, i.e, Plaintiff, was the same party in the first proceeding.

As Plaintiff appears to be attempting to relitigate an order in an earlier case, it appears that this case is barred by the doctrine of *collateral estoppel*. *See Wright v. Carter*, No. C07-5351FDB, 2007 WL 4562883, at *3–4 (W.D. Wash., Dec. 21, 2007) (adopting recommendation and dismissing case on estoppel grounds where "[t]here has been no material change in the facts regarding exhaustion since entry of judgment in *Wright I*"); *Clark v. Mason*, No. C04-1647C, 2005 WL 1189577, at *4–5 (W.D. Wash., May 19, 2005) ("[T]he doctrine of collateral estoppel should preclude plaintiff from relitigating the issue of whether he had exhausted administrative remedies for the claims asserted in *Leeburg* before he filed his complaint in that action. While plaintiff asserts that defendants obtained dismissal in *Leeburg*

through false testimony and arguments, plaintiff had the opportunity in that case and on appeal to address those issues.").

## II. CONCLUSION AND ORDER

It appears from the face of the complaint that the claims in this case are barred by collateral estoppel. Accordingly, IT IS ORDERED that Plaintiff has thirty days from the date of this order to show cause why this case should not be dismissed as barred by collateral estoppel.

If Plaintiff fails to file a response, this Court will recommend to an assigned district judge that this case be dismissed.

IT IS SO ORDERED.

Dated:   **January 30, 2024**          /s/ Erica P. Grosjean
                                                      UNITED STATES MAGISTRATE JUDGE