UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY TYRONE FOSTER,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTOPHER BAKER, *et al.*,<br><br>    Defendants. | Case No. 1:23-cv-01097-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO<br><br>1) DISMISS FEDERAL CONSTITUTIONAL CLAIM WITHOUT PREJUDICE BECAUSE PLAINTIFF IS BARRED BY COLLATERAL ESTOPPEL FROM CHALLENGING EXHAUSTION ON THE SAME FACTS; AND<br><br>2) DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE REMAINING CONTRACT CLAIM AND REMAND THE CASE TO SUPERIOR COURT OF CALIFORNIA, COUNTY OF KINGS<br><br>OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

Plaintiff Ricky Tyrone Foster is a state prisoner proceeding *pro se* in this case removed by Defendants from state court to this Court. Plaintiff's complaint asserts two causes of action: a breach of contract claim related to a purported stipulation regarding the issue of exhaustion, and a constitutional intentional tort claim of excessive force.

For the reasons stated below, the Court recommends that Plaintiff's federal constitutional claim be dismissed without prejudice because Plaintiff is barred by collateral

1

estoppel from asserting exhaustion. Plaintiff previously litigated the issue of exhaustion in this Court regarding the same claim against the same defendants in *Foster v. Baker*, No. 1:18-cv-01511-DAD-SAB (E.D. Cal.) (*Foster I*), and there has been no material change in the facts regarding exhaustion since the entry of judgment in that case.

The Court also recommends declining to exercise supplemental jurisdiction over the remaining breach of contract claim and remanding it to state court.

## I.    SCREENING REQUIREMENT

The Prison Litigation Reform Act of 1995 (PLRA) requires courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court also screens complaints brought by persons proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, which encompasses duplicative cases where a complaint merely repeats pending or previously litigated claims. *See* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B)(i); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing earlier version of § 1915(e)); *see also Denton v. Hernandez*, 504 U.S. 25, 30 (1992) (recognizing Congress's concern regarding IFP litigants "filing frivolous, malicious, or *repetitive* lawsuits") (emphasis added).

## II.   BACKGROUND

### A.    Underlying Incident

According to Plaintiff's allegations, in August of 2017, prison guards at California State Prison-Corcoran C. Baker, J. Navarro, and John Does 1 and 2 failed to protect Plaintiff from an assault by inmate Abella out of retaliation against Plaintiff. (ECF No. 1 at 11–12).

### B.    Prior State Mandamus Petition

According to Plaintiff, Plaintiff timely filed grievances related to this incident in September of 2017. ECF No. 38 at 33, *Foster I*. After receiving no response to his grievances related to the August 2017 incident, on January 12, 2018, Plaintiff filed a Petition for Writ of Mandamus in Kings County Superior Court, Case number 18C-0031. ECF No. 38 at 31–38, *Foster I*. Plaintiff asked that the state court direct respondents, Warden of CSP-Corcoran and

1  CDCR, to either respond to his grievances or waive the exhaustion so that plaintiff can litigate
2  his claim in state or federal court. *Id.* at 34–35.
3        In his Answer, CSP-Corcoran warden, represented by the Office of Attorney General,
4  acknowledged that Plaintiff seeks a waiver of "exhaustion requirement to allow him to pursue a
5  civil claim in state or federal court." Case Management Statement, Apr. 23, 2020, ECF No. 36
6  at 8, *Foster I*. Respondent then submitted a proposed order to the court dismissing Plaintiff's
7  petition, which stated "Foster's administrative remedies are exhausted with respect to the
8  appeal at issue in this petition (Log Nos. Cal-17–01322 and COR-17–04927)." Proposed Order,
9  July 1, 2020, ECF No. 36 at 14–15, *Foster I*. After holding a hearing, on July 9, 2020, the state
10 court issued the proposed order in its entirety, crossing out only the word "proposed" in the
11 title, and entered judgment for respondent, dismissing Plaintiff's petition. Signed Order, ECF
12 No. 38 at 44–45, *Foster I*.
13     **C.**    ***Foster I* Case**
14       On July 30, 2018, Plaintiff filed case number 18C-0240 in Kings County Superior Court
15 against defendants Christopher Baker, J. Navarro, and Does 1 to 2, for violating his federal
16 constitutional rights in August of 2017. *See* Complaint, ECF No. 1 at 7, *Foster I*. Plaintiff
17 alleged that defendants retaliated against him and failed to intervene while Plaintiff was
18 assaulted by another inmate. (*Id.*) In October of 2018, defendants removed that case to federal
19 court, where it became *Foster v. Baker*, No. 1:18-cv-01511-DAD-SAB (E.D. Cal.) (*Foster I*),
20 case.
21       In February of 2020, defendants in *Foster I* case, represented by the Office of Attorney
22 General, moved for summary judgment on the ground that Plaintiff failed to exhaust available
23 administrative remedies for his claims before filing his suit. Defendants eventually prevailed on
24 their argument, and on July 19, 2021, the district court granted defendants' motion, dismissed
25 Plaintiff's complaint for failure to exhaust, and entered judgment in Defendants' favor. ECF
26 Nos. 39, 40, *Foster I*.
27
28

In its order adopting the Findings and Recommendations and dismissing Plaintiff's complaint for failure to exhaust, the District Judge addressed Plaintiff's arguments regarding the state court's previous order in the mandamus petition, as follows:

> Plaintiff has attached to his objections an order wherein the state court did state in cursory fashion that plaintiff had administratively exhausted the inmate appeal at issue in this case. (*Id.* at 45.) That state court order issued in the context of the dismissal of plaintiff's writ of mandate as moot because the state court concluded prison officials had responded to his administrative appeal at all three levels of review. (*Id.*) However, it is unclear what analysis was done by and whether the cancellation appeal was considered by the state court in making the statement in question. Most importantly, neither that state court order nor plaintiff's objections rebut the Ninth Circuit authority which appears to control the resolution of the issue presented here. *Cortinas*, 754 Fed. App'x. at 527 (Because under California Code of Regulations, Title 15 § 3084.6(a)(3) and (e) an inmate can appeal a cancellation decision separately pursuant to the rules in § 3084.6(c), and if inmate prevails, cancelled inmate appeal can be considered at the discretion of the appeals coordinator, "Cortinas could have appealed his cancellation decision, this case is distinguishable from *Sapp*, and the improper cancellation of his appeal did not render administrative remedies effectively unavailable to him.") (citing *Wilson v. Zubiate*, 718 F. App'x 479, 482 (9th Cir. 2017)); *see also Felde v. Wilkins,* No. 1:19-cv-00339-NONE-HBK, 2021 WL 1241075, at *4 (E.D. Cal. Mar. 26, 2021); *Belton v. Houston*, No. ED CV 19–01179-PA (DFM), 2021 WL 785146, at *5 (N.D. Cal. Jan. 8, 2021), *report and recommendations adopted by* 2021 WL 784961 (N.D. Cal. Feb. 26, 2021) Therefore, the court is not persuaded to depart from the analysis set forth in the pending findings and recommendations.

Order Adopting Findings and Recommendations, ECF No. 39, *Foster I*.

### D.     The Instant Case

On April 28, 2023, Plaintiff again filed a complaint against the same defendants—CSP-Corcoran prison guards Christopher Baker, J. Navarro, and Does 1 to 2—in Kings County Superior Court, alleging two claims. (ECF No. 1 at 5).

First, Plaintiff alleges a breach of contract claim by defendants based on defendants asserting inconsistent positions in concurrent federal and state proceedings in 2020. Specifically, Plaintiff alleges that defendants' counsel—Office of Attorney General in both cases—breached the state-court stipulation in federal court by moving for summary judgment

4

in *Foster I* against Plaintiff on the ground that he failed to exhaust administrative remedies when the attorneys had had represented to state court that Plaintiff had exhausted such remedies. (ECF No. 1 at 7).

For his second claim, Plaintiff alleges the intentional tort action against defendants C. Baker, J. Navarro, and John Does 1 and 2 based on the allegation that they violated his federal constitutional rights when they failed to protect Plaintiff from an assault by inmate Abella out of retaliation against Plaintiff. (*Id.* 8–16).

After being served with the complaint, Defendants Christopher Baker and J. Navarro again removed the case to federal court and requested that this Court screen the complaint. (*Id.* at 1–2).

### E.  Order to Show Cause

Upon this court's review of the complaint for screening purposes, the Court issued an Order for Plaintiff to Show Cause why this case should not be dismissed as barred by collateral estoppel. (ECF No. 5). From the face of Plaintiff's complaint, it appeared that Plaintiff improperly sought to relitigate a final order from *Foster I*, because Plaintiff was asserting the same underlying failure-to-protect claim and seeking to challenge the previous finding that Plaintiff had failed to exhaust his administrative remedies as to that claim, without any change in facts.

Plaintiff timely filed a response to the Court's Order to Show Cause. (ECF No. 6). Plaintiff asserts that he filed the action in state court for breach of contract between the parties. (*Id.* at 2, 5). Plaintiff argues that the parties entered into a stipulation regarding exhaustion in Kings County Superior Court and that he sought to enforce that agreement in the same state court. (*Id.* at 2, 4, 5). Plaintiff also argues that Defendants should be estopped from asserting that Plaintiff had exhausted his administrative remedies with respect to the underlying claims and succeeded in obtaining a judgment in their favor. (ECF No. 6 at 3, 4). Plaintiff asks the Court to remand the case back to state Court that first decided the question of exhaustion of administrative remedies. (*Id.* at 8).

## III. ANALYSIS

### A. Federal constitutional claim

#### i. Legal Standard

Under federal law, collateral estoppel "bars relitigation of issues adjudicated in an earlier proceeding if three requirements are met: '(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.'" *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (quoting *Kourtis v. Cameron*, 419 F.3d 989, 994 (9th Cir. 2005)).

Further, collateral estoppel can apply to a dismissal without prejudice if the determination being according preclusive effect was essential to the judgment of dismissal. *Gallegos v. Reinstein*, No. 12–16736, 560 F. App'x 669 (9th Cir. Mar. 4, 2014) ("Dismissal of Gallegos's claims related to a prior § 1983 action that the Arizona district court dismissed without prejudice was proper under the doctrine of collateral estoppel because the issues raised in these claims had been previously litigated, and were necessary to the prior judgment of dismissal.") (citing *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004) and *Deutsch v. Flannery*, 823 F.2d 1361, 1364 (9th Cir. 1987)) ("The litigation of an issue presented and necessarily decided in a prior action between the same parties is foreclosed by the doctrine of issue preclusion. It matters not that the prior action resulted in a dismissal without prejudice, so long as the determination being accorded preclusive effect was essential to the dismissal.") (internal citations omitted). "[T]he principle is simply that later courts should honor the first actual decision of a matter that has been actually litigated." 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4416 (3d ed. 1998). Collateral estoppel serves to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

### ii. Plaintiff is barred by collateral estoppel from challenging non-exhaustion ruling based on the same facts

All three elements of collateral estoppel are met here with respect to the issue of exhaustion of administrative remedies for Plaintiff's federal constitutional claim.

As to the first element, the issue of exhaustion decided in *Foster I* is identical to the one that is sought to be relitigated here. The Court in *Foster I* dismissed Plaintiff's earlier case based on a legal determination that Plaintiff had failed to exhaust administrative remedies before filing the lawsuit, regarding the same underlying incident. Additionally, the Court is *Foster I* addressed Plaintiff's argument that an earlier state court order had found otherwise. Moreover, Plaintiff has not asserted any new facts regarding exhaustion.

Plaintiff attempts to distinguish between the instant case and *Foster I* case by arguing that the parties entered into a stipulation agreement regarding exhaustion and that this agreement was not addressed in *Foster I* order dismissing the case. (ECF No. 6 at 4). Plaintiff states that this Stipulation Agreement is attached as Exhibit D to his objections to the magistrate judge withdrawing his Findings and Recommendations in *Foster I* case. (*Id.* at 2). However, Exhibit D to ECF No. 38 filed on October 8, 2020 in *Foster I* case, 1:18-cv-01511, appears to be not a stipulation agreement but the July 9, 2020 state court decision dismissing Plaintiff's mandamus petition.

Contrary to Plaintiff's argument, as illustrated *supra* with the block quote, this order was explicitly addressed in *Foster I*. (ECF No. 1 at 39) ("Plaintiff has attached to his objections an order wherein the state court did state in cursory fashion that Plaintiff had administratively exhausted the inmate appeal at issue in this case.") Plaintiff offers no new evidence that would demonstrate he has exhausted administrative remedies since *Foster I* was decided and Plaintiff's arguments on exhaustion are the same ones that were or could have been litigated in *Foster I*. *Gallegos*, 560 F. App'x at 669; *Wright v. Carter*, No. C07–5351FDB, 2007 WL 4562883, at *3–4 (W.D. Wash., Dec. 21, 2007) (adopting recommendation and dismissing case on estoppel grounds where "[t]here has been no material change in the facts regarding exhaustion since entry of judgment in *Wright I*"); *Clark v. Mason*, No. C04–1647C, 2005 WL

1189577, at *4–5 (W.D. Wash., May 19, 2005) ("[T]he doctrine of collateral estoppel should preclude plaintiff from relitigating the issue of whether he had exhausted administrative remedies for the claims asserted in *Leeburg* before he filed his complaint in that action. While plaintiff asserts that defendants obtained dismissal in *Leeburg* through false testimony and arguments, plaintiff had the opportunity in that case and on appeal to address those issues.").

As to the second element, while *Foster I* ended in a dismissal without prejudice, the determination made in *Foster I*—that Plaintiff failed to exhaust administrative remedies notwithstanding the state court litigation—was essential to the judgment of dismissal in previous case. The judgment in *Foster I* was entered "in accordance with the court's order filed on 07/19/2021," EFF No. 40, *Foster I*, and that order granted defendants' motion for summary judgment on the basis that Plaintiff failed to exhaust administrative remedies available to him. ECF No. 39, *Foster I*. The determination of non-exhaustion should therefore be accorded a preclusive effect in this one. *Deutsch*, 823 F.2d at 1364, 1364 ("It matters not that the prior action resulted in a dismissal without prejudice, so long as the determination being accorded preclusive effect was essential to the dismissal.")

Finally, as to the third element, both *Foster I* and this case were litigated against the same defendants.

All three elements of collateral estoppel are met here, and Plaintiff is thus barred by collateral estoppel from challenging non-exhaustion ruling in *Foster I* based on the same facts. It follows then—because *Foster I* determination that Plaintiff has not exhausted his administrative remedies with respect to the same grievances and the same defendants cannot be relitigated in this action—that Plaintiff cannot proceed on his underlying constitutional claim against defendants in this Court.[1] Therefore, the Court will recommend that Plaintiff's federal constitutional claim be dismissed without prejudice. That, however, still leaves Plaintiff's breach of contract claim against defendants.

---

[1] This Court takes no position as to whether Plaintiff may be able to proceed on this claim in state court after a remand.

### B. Breach of contract claim

#### i. Legal Standard

This Court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Determination of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Therefore, plaintiff's complaint must establish "either that (1) federal law creates the cause of action or that (2) plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008); *see also Barefield v. HSBC Holdings PLC*, 2018 WL 3702307, at *4 (E.D. Cal. 2018). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). Once a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice. *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006).

A district court "may decline to exercise supplemental jurisdiction . . . [if] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 n.3 (9th Cir. 1997) (en banc) (explaining that a district court may decide sua sponte to decline to exercise supplemental jurisdiction).

#### ii. Supplemental jurisdiction

The Court has recommended the dismissal of Plaintiff's constitutional tort claim, which was the basis for Court's federal question jurisdiction under 28 U.S.C. § 1331. (ECF No. 1 at 1). Because there are no federal claims remaining in this case, the question then becomes whether the Court should exercise supplemental jurisdiction over the breach of contract claim. § 1367(c)(3). The Supreme Court has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent

jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (citing *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998)) (holding that a district court is not required to provide an explanation when declining jurisdiction under § 1367(c)). Notwithstanding the fact that this case has been pending before this Court since July 2023, the Court has not engaged substantively in the remaining claim. Thus, these considerations favor remand of Plaintiff's breach of contract claim.

## IV.   CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that:

1. Plaintiff's federal constitutional claim be dismissed as barred by collateral estoppel because there has been no material change in the facts regarding exhaustion since the entry of judgment in *Foster v. Baker*, No. 1:18-cv-01511-DAD-SAB (E.D. Cal. Feb. 16, 2022); and
2. Pursuant to 28 U.S.C. § 1367(c), the Court decline supplemental jurisdiction over Plaintiff's breach of contract claim, and remand the remainder of this case to the Kings County Superior Court.

IT IS SO ORDERED.

Dated:   **September 25, 2024**              /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE