UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY TYRONE FOSTER,<br><br>            Plaintiff,<br><br>    v.<br><br>C. BAKER, et al.,<br><br>            Defendants. | Case No.: 1:23-cv-1097 JLT EPG<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS, DISMISSING PLAINTIFF'S FEDERAL CLAIM AS BARRED BY COLLATERAL ESTOPPEL, DECLINING SUPPLEMENTAL JURISDICTION, REMANDING THE REMAINING CLAIM UNDER STATE LAW TO KINGS COUNTY SUPERIOR COURT, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 8) |

Ricky Tyrone Foster seeks to hold the defendants liable for violations of his civil rights and breach of contract related to a stipulated agreement and initiated this action by filing a complaint in Kings County Superior Court. (*See,* Doc. 1 at 5-6.) Defendants removed the matter to this Court, asserting the Court has jurisdiction pursuant to 28 U.S.C. § 1331. (*Id.* at 1.) The magistrate judge found the doctrine of collateral estoppel bars the federal claim because "Plaintiff previously litigated the issue of exhaustion in this Court regarding the same claim against the same defendants in *Foster v. Baker*, No. 1:18-cv- 01511-DAD-SAB (E.D. Cal.) (*Foster I*) and there has been no material change in the facts regarding exhaustion since the entry of judgment in that case." (Doc. 8 at 2; *see also id* at 6- 8.) The magistrate judge determined that "Plaintiff cannot proceed on his underlying constitutional claim against defendants in this Court," and recommended the claim be dismissed. (*Id.* at 8.) In addition, the magistrate judge recommended the Court decline supplemental jurisdiction over the

1

remaining state claim and remand the matter to the Kings County Superior Court. (*Id.* at 9-10.)

The Court served the Findings and Recommendations on the parties, including the address on record for Plaintiff. However, the United States Postal Service returned the Findings and Recommendations as "Undeliverable, Return to Sender, Attempted-Not Known, Not in Custody" on October 15, 2024. Nevertheless, the Court notes its service upon Plaintiff was deemed fully effective. *See* Local Rule 182(f) ("Each ... pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective.") Although the Court ordered any objections were due within thirty days (Doc. 8 at 1), no objections were filed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated September 25, 2024 (Doc.8) are **ADOPTED** in full.
2. Plaintiff's claims against the defendants under federal law are **DISMISSED** as barred by the doctrine of collateral estoppel.
3. The Court **DECLINES** to exercise supplemental jurisdiction over the remaining state law claim.
4. The matter is **REMANDED** to Kings County Superior Court.
5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **December 30, 2024**                           /s/ Jennifer L. Thurston
                                                         UNITED STATES DISTRICT JUDGE